FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2017 MAR -2 PM 1:28

DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

FREDDIE MUNGEN,
on behalf of himself and all
other similarly situated employees,

    Plaintiff,

v.

CASE NO.: 6:17-CV-362-31-DCI

LOYAL SOURCE GOVERNMENT
SERVICES, LLC,
a Florida Limited Liability Company,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, FREDDIE MUNGEN ("Plaintiff"), on behalf of himself and all other similarly situated employees who consent to their inclusion in a collective action, by and through his undersigned counsel, sues Defendant, LOYAL SOURCE GOVERNMENT SERVICES, LLC ("Defendant"), and in support thereof states as follows.

### JURISDICTION AND VENUE

1.     This is an action for damages by Plaintiff, on behalf of himself and all other similarly situated employees, against Defendant for failure to pay overtime compensation in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA").

2.     This Court has jurisdiction pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3.     Venue is proper in this Court pursuant to Rule 1.02(c) of the Local Rules of the Middle District of Florida. Venue is proper in this District because a substantial part of the events and omissions giving rise to the claims occurred in this District. At all times material to

1

Plaintiffs' claims, Defendant has conducted substantial, continuous, and systematic commercial activities in this District.

## PARTIES AND FACTUAL ALLEGATIONS

4. Plaintiff is an individual *sui juris* residing in Volusia County, Florida.

5. At all relevant times to the instant action, Plaintiff was employed by Defendant and was an employee of Defendant as defined by § 203(e) of the FLSA.

6. Defendant is a Florida Limited Liability Company operating and conducting business in Orange County, Florida.

7. At all relevant times to the instant action, Defendant employed Plaintiff and was an employer of Plaintiff as defined by § 203(d) of the FLSA.

8. At all relevant times to the instant action, Defendant was engaged in commerce as defined by the FLSA in so far as Defendant had employees engaged in commerce and, upon information and belief, had annual gross business revenue of not less than $500,000.00.

## FACTUAL ALLEGATIONS

9. Plaintiff was employed by Defendant from on or around October 16, 2013, through on or around August, 2015 as a Recruiter.

10. As a Recruiter, Plaintiff's job duties and responsibilities included reviewing job postings to determine the needs of medical employers within their area, reviewing resumes of applicants in Defendant's databases for the minimum requirements listed on various job postings, and then facilitating a connection between employers and applicants where the employer's requirements were in line with the applicants resume.

11. Plaintiff was not responsible for the decision as to whether an applicant was ultimately hired.

2

12. Throughout his employment with Defendant, Plaintiff regularly worked hours in excess of forty (40) hours in a workweek.

13. Plaintiff's regular schedule was as follows:

- Monday: 9:00 AM through 6:00 to 6:30 PM;
- Tuesday / Wednesday / Thursday: 8:30 AM through 6:00 PM; and
- Friday: 8:30 AM through 5:00 PM.

14. Plaintiff was provided a laptop by Defendant so that he may work from home, which Plaintiff did from time to time.

15. Additionally, Plaintiff was required to stay beyond his normal schedule when the need arose due to work flow, a new contract, or other event giving rise to the need to work increased hours.

16. Plaintiff was paid on a salary basis, and did not receive additional compensation, including overtime, for any hours worked in excess of forty (40) hours in a workweek.

17. Defendant failed to compensate Plaintiff at a rate of not less than one and one-half (1.5) his regular rate of pay for hours worked in excess of forty (40) hours in a workweek.

18. Upon information and belief, for the three (3) year period preceding the filing of the instant action, Defendant has imposed the above complained of practices on all Recruiters.

19. Defendant's failure to properly compensate Plaintiff and all other similarly situated employees for all hours worked in excess of forty (40) hours in a workweek was willful.

20. Defendant is liable pursuant to 29 U.S.C. §§ 201 *et seq.* for failing to properly compensate Plaintiff and all other similarly situated employees for all hours worked in excess of forty (40) hours in a workweek. As such, notice should be sent to past and current Recruiters employed by Defendant. There have been numerous other similarly situated employees who have worked hours in excess of forty (40) hours in a workweek for Defendant without overtime

compensation in violation of 29 U.S.C. §§ 201 *et seq*. These other similarly situated employees would benefit from the issuance of a court supervised notice of the instant action and the opportunity to join in the instant action pursuant to § 216(b) of the FLSA. These similarly situated employees are known to Defendant, are readily identifiable, and can be located only through Defendant's records.

21. Plaintiff has retained LYTLE & BARSZCZ to represent him in this instant action and has agreed to pay said firm reasonable attorney fees for its services.

## COUNT I
### Unpaid Overtime in Violation of the FLSA

22. Plaintiff alleges and incorporates by reference paragraphs 1 through 21 above as if fully set forth herein.

23. Pursuant to §§ 201 *et seq*. of the FLSA, Defendant is required to pay Plaintiff and all other similarly situated employees for all hours worked in excess of forty (40) hours in a workweek at a rate of not less than one and one-half (1.5) times the employee's regular rate of pay.

24. Plaintiff is an employee of Defendant as defined by the FLSA.

25. Defendant is an employer of Plaintiff as defined by the FLSA.

26. Plaintiff was engaged in commerce as defined by the FLSA.

27. Defendant is an enterprise engaged in commerce as defined by the FLSA.

28. Plaintiff regularly worked hours in excess of forty (40) hours in a workweek while employed by Defendant.

29. Defendant has failed to pay Plaintiff overtime compensation at a rate of not less than one and one-half (1.5) times his regular rate of pay for hours Plaintiff worked in excess of forty (40) hours in a workweek in violation of the FLSA.

4

30. Upon information and belief, Defendant has failed to pay all Recruiters overtime compensation for hours worked in excess of forty (40) hours in a workweek in violation of the FLSA.

31. Defendant's violations of the FLSA were willful.

32. As a result of Defendant's violations of the FLSA, Plaintiff and all other similarly situated employees have suffered damages.

33. As a result of Defendant's unlawful acts, Plaintiff and all other similarly situated employees have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages in an amount equal to the overtime due, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and all other similarly situated employees, has been deprived of overtime compensation, and requests the following relief:

a) Plaintiff be allowed to give notice of this collective action, or that this Court issue such notice at the earliest possible time; to all past and current Recruiters employed by Defendant during the relevant period to the instant action;

b) That all past and current members of the Plaintiff Class be informed of the nature of this collective action, and similarly situated employees' right to join this lawsuit if they believe that they have worked hours in excess of forty (40) hours in a workweek during the relevant period to the instant action, but were not paid overtime compensation at a rate not less than one and one-half (1.5) times their regular rate of pay;

5

c) That the Court find the Defendant in violation of the FLSA;

d) That the Court award to Plaintiff and the Plaintiff Class overtime compensation for previous hours worked in excess of forty (40) hours in a workweek during the past three (3) years, and liquidated damages equal to the amount of the unpaid overtime compensation, in addition to penalties and interest on said award pursuant to § 216(b) of the FLSA;

e) That the Court awards Plaintiff and the Plaintiff Class reasonable attorneys' fees and costs pursuant to § 216(b) of the FLSA; and

f) That the Court award any other legal and equitable relief as the Court may deem appropriate.

## DEMAND FOR A JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted this __1__ day of March, 2017.

*/s/ signature*

**Mary E. Lytle, Esq.**
Florida Bar No. 0007950
**David V. Barszcz, Esq.**
Florida Bar No. 0750581
**Robert N. Sutton, Esq.**
Florida Bar No. 0121688
**LYTLE & BARSZCZ, P.A.**
543 N. Wymore Road, Ste. 103
Maitland, Florida 32751
Telephone: (407) 622-6544
Facsimile: (407) 622-6545
mlytle@lblaw.attorney
dbarszcz@lblaw.attorney
rsutton@lblaw.attorney
**Counsel for Plaintiff**